IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY,<br><br>　Plaintiff,<br><br>v.<br><br>OWNER DIRECT VACATION RENTALS, LLC, and CAROLEE TABOR,<br><br>　Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Universal Fire & Casualty Insurance Company ("Universal") shows this Honorable Court the following:

**Nature of Action**

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Universal and the Defendants, i.e., whether Universal owes any insurance coverage obligations in connection with the underlying claims and lawsuit asserted by Carolee Tabor against Owner Direct Vacation Rentals, LLC, and others, related to a June 4, 2024 incident, during which Carolee Tabor alleges that she was injured on property managed by Owner Direct Vacation Rentals.

**Parties, Jurisdiction, and Venue**

2. Universal is an Indiana corporation with its principal place of business in Ohio.

3. Defendant Owner Direct Vacation Rentals LLC ("Owner Direct") is a South Carolina Limited Liability Company.

4. No member of Owner Direct is a citizen of or domiciled in Indiana or Ohio.

5. The sole member of Owner Direct is Robert Connolly.

6. Robert Connolly is domiciled in South Carolina, is a citizen of South Carolina, and intends to remain a citizen of South Carolina indefinitely.

7. Robert Connolly resides in the Florence Division of the District of South Carolina.

8. Defendant Owner Direct is subject to personal jurisdiction and venue in this Court.

9. Defendant Carolee Tabor is domiciled in Kentucky, is a citizen of Kentucky, and intends to remain a citizen of Kentucky indefinitely.

10. Defendant Carolee Tabor is subject to personal jurisdiction and venue in this Court.

11. This cause of action arises from Carolee Tabor transacting business in South Carolina and using real property in South Carolina.

12. The Court has jurisdiction over this action under 28 U.S.C. § 1332.

13. Plaintiff is a citizen of a different state than the Defendants.

14. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

15. This Court also has jurisdiction under 28 U.S.C. § 2201, as Universal is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Universal.

**The Underlying Lawsuit**

16. On April 4, 2025, Carolee Tabor filed a complaint against Owner Direct and others, in the lawsuit known as *Ralph Dickson and Ann Dickson; Owner Direct Vacation Rentals, LLC; et al.* in the Court of Common Pleas, Fifteenth Judicial Circuit, in South Carolina, Case No. 2025CP2602999 ("Underlying Lawsuit").

17. A true and accurate copy of that complaint is attached hereto as Exhibit A.

18. In her complaint in the Underlying Lawsuit, Tabor alleged that, on or about June 4, 2024, Tabor was an invitee and guest, lawfully on premises owned by Ralph Dickson and Ann Dickson, located at Crescent Shores Condos.

19. In her complaint in the Underlying Lawsuit, Tabor also alleged that Owner Direct "owns, operates, promotes and/or manages" that property.

20. In her Complaint in the Underlying Lawsuit, Tabor also alleged that she was on vacation with her family and staying in Unit No. 812 at Crescent Shores Condos, that she went to the balcony to sit outside on the unit's patio furniture, that she lowered herself into the patio chair and leaned back, and that the chair collapsed, and that Plaintiff fell to the ground and sustained injury to her back and side.

21. In her Complaint in the Underlying Lawsuit, Tabor asserted claims against Owner Direct and the other defendants in that lawsuit for negligence and gross negligence and prayed for a judgment for actual damages in an amount exceeding $100,000, plus punitive damages and costs.

22. Owner Direct stages, sets up, and markets rental properties, takes reservations, collects money from guests for the short-term rentals, deposits the money for the owners,

contracts with independent housekeepers to clean the properties, and provides maintenance services.

23. The condo where Tabor's alleged injuries occurred was owned by Ralph and Ann Dickson.

24. Ann Dickson and Owner Direct entered into an agreement for Owner Direct to market the Dicksons' condo for short-term rentals.

25. Ralph and Ann Dickson have an insurance policy which may provide coverage to Owner Direct for Carolee Tabor's claim and lawsuit.

26. Owner Direct acted as an agent for the collection of rents of the owners of the condo where Carolee Tabor's injury occurred.

**Policy**

27. Universal issued an Insurance Policy ("Policy"), with policy no. PN01-CPK-10563901, for the policy period of September 26, 2023, to September 26, 2024, to Named Insured Owner Direct Vacation Rentals.

28. A true and accurate copy of the Policy (with premium amounts redacted) is attached to this complaint as Exhibit B.

29. The Policy provides in part:

> **A. COVERAGE L --"BODILY INJURY" AND "PROPERTY DAMAGE" LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We agree to pay those sums which an "insured" becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend the "insured" against a "suit" seeking "damages" which may be covered under this policy.

> However, we have no duty to defend the "insured" against a "suit" seeking "damages" arising out of "bodily injury" or "property damage" to which this policy does not apply. We may, at our discretion, investigate "occurrences" or potential claims and settle claims or "suits" to which this insurance may apply.

30. The Policy includes a "Real Estate Agent Limitation of Coverage and Exclusion of Professional Liability" endorsement, which provides in part:

> The Commercial Liability Coverage is amended as follows:
>
> I. With respect to "your" real estate operations, this insurance applies only to "bodily injury", "property damage", or "personal injury and advertising injury" arising out of the ownership, maintenance, or use of:
>
>   1. any premises or part of premises used by "you" for general office purposes; or
>   2. premises listed with "you" for sale or rental provided:
>
>      a. such premises are not owned, operated, managed by, or rented to "you";
>      b. such premises are not in "your" care, custody, or control; or
>      c. "you" do not act as an agent for the collection of rents or in any supervisory capacity.

31. The Policy further provides that, under certain circumstances, Universal will pay court costs taxed against the insured but that those costs do not include attorneys' fees or attorneys' expenses taxed against any insured.

32. The Policy includes a "Limitation of Coverage to Locations, Projects or Operations Described in the Declarations" endorsement.

33. The Policy includes the conditions concerning priority of coverage and contribution, when other insurance applies.

34. The Policy includes other terms and conditions that limit coverage.

**Communications Between Universal and Owner Direct**

35. Owner Direct sought coverage from Universal for the Underlying Lawsuit.

36. Universal is currently providing a defense to Owner Direct in the Underlying Lawsuit, subject to a full reservation of rights.

37. Universal has incurred and is continuing to incur defense costs to defend Owner Direct in the Underlying Lawsuit.

38. A true and accurate copy of Universal's April 14, 2025, reservation of rights letter sent to and received by Owner Direct is attached to this complaint as Exhibit C.

39. A true and accurate copy of Universal's May 8, 2025 supplemental reservation of rights letter sent to and received by Owner Direct is attached hereto as Exhibit D.

**Declaratory Judgment**

40. Universal is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to Carolee Tabor's alleged injuries, the Defendants, and the Underlying Lawsuit.

41. The Policy does not cover Carolee Tabor's alleged injuries, any related claims, or the Underlying Lawsuit, under the Policy's terms and conditions.

42. Because Owner Direct was managing the property where Carolee Tabor's alleged injury occurred, and because Owner Direct acted as an agent for the property owners for the collection of rent, the Policy does not cover Carolee Tabor's alleged injuries or the Underlying Lawsuit, as set forth in the Policy's "Real Estate Agent Limitation of Coverage and Exclusion of Professional Liability" endorsement.

43. Owner Direct may have breached the Policy's conditions, which would

preclude any coverage under the policy for the Underlying Lawsuit.

44. The Policy may also not cover Carolee Tabor's alleged injuries, any related claims, and the Underlying Lawsuit and may not cover any damages awarded therein, because those claims and damages may not qualify for coverage under the Policy's Insuring Agreements and/or because exclusions in the Policy preclude coverage.

45. The Policy may also not cover Carolee Tabor's alleged injuries, any related claims, and the Underlying Lawsuit, based on the "Limitation of Coverage to Locations, Projects or Operations Described in the Declarations" endorsement, if the "occurrence" did not arise out of "products" or "your work" specifically shown in the "declarations" applying to the Commercial Liability Coverage.

46. The Policy does not cover any attorney's fees or expenses.

47. The Policy may be excess to insurance policies issued by other carriers that cover Owner Direct for the Underlying Lawsuit, such that Universal has no coverage obligations with respect to the Underlying Lawsuit.

48. If the Policy does not cover the Underlying Lawsuit, then Universal is entitled to recover defense costs from Owner Direct, pursuant to the terms of the Policy.

49. Universal is entitled to a declaratory judgment that Owner Direct is not covered under the Policy for Carolee Tabor's alleged injuries, any related claims, and the Underlying Lawsuit and that Universal is entitled to be reimbursed from Owner Direct for the defense costs Universal has incurred to defend Owner Direct in the Underlying Lawsuit, for the reasons set forth herein.

50. Universal reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Universal Fire & Casualty Insurance Company prays:

(a)   That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b)   That this Court declare that Universal has no duty to defend or indemnify the Defendants for the alleged injuries of Carolee Tabor, any related claims, and the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c)   That this Court declare that Universal has the right to be reimbursed for the defense costs it has incurred or incurs to defend Owner Direct in the Underlying Lawsuit and the amount of those costs;

(c)   For such other relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    **Bovis, Kyle, Burch & Medlin, LLC**

/s/ David A. Harris
David A. Harris (Federal ID 14019)
dah@boviskyle.com

/s/ Kim M. Jackson
Kim M. Jackson
(pro hac vice application forthcoming)
Ga. State Bar No. 387420
kjackson@boviskyle.com

200 Ashford Center North
Suite 500
Atlanta, GA  30338-2680
(770) 391-9100

/s/ W. Randal Bryant
W. Randal Bryant
(pro hac vice application forthcoming)
Ga. State Bar No. 092039
rbryant@boviskyle.com

*Counsel for Plaintiff Universal Fire & Casualty Insurance Company*